# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-30900
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
April 16, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DAVID SHELTON,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:12-CR-275-1

Before JOLLY, DeMOSS, and ELROD, Circuit Judges.

PER CURIAM:[*]

David Shelton appeals from his conviction of possessing child pornography, for which he received a sentence of 240 months of imprisonment. He contends that this court should not give a presumption of reasonableness to a sentence calculated using U.S.S.G. § 2G2.2 because that guideline section is not based on empirical evidence; he correctly concedes that this argument is foreclosed by *United States v. Miller,* 665 F.3d 114 (5th Cir. 2011).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-30900

Apart from the argument that there should be no presumption of reasonableness, Shelton argues that his sentence was substantively unreasonable because he committed a possession offense, which is less serious than offenses involving the production, transportation, or distribution of pornography. He avers that he merely downloaded images, did not share those images, and did not produce child pornography. He states that he has no criminal history, that he is a decorated veteran, that he has always been employed, and that he has a supportive family.

No objection was made to the substantive reasonableness of the sentence at the sentencing hearing. Our review is for plain error. *See United States v. Peltier,* 505 F.3d 389, 390-92 (5th Cir. 2007). Shelton has failed to rebut the presumption of correctness given to his within-range sentence. *See United States v. Alonzo,* 435 F.3d 551, 554 (5th Cir. 2006). The district court found that Shelton distributed pornography, the record indicated that he was viewing and possessing pornography contemporaneously with the molestation of a child, and many of the images and videos Shelton possessed are very disturbing. Shelton's arguments as to his military service, his status as a first offender, his employment service, and his supportive family seek to reweigh the factors relevant to his sentencing, and we will not engage in reweighing those factors. *See United States v. McElwee,* 646 F.3d 328, 344 (5th Cir. 2011).

AFFIRMED.